UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AMBER LEIGH PERRY,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | Case No. 13-CV-0795 (PJS/SER)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

Neut L. Strandemo, STRANDEMO SHERIDAN & DULAS, P.A., for plaintiff.

Ann M. Bildtsen, UNITED STATES ATTORNEY'S OFFICE, for defendant.

Plaintiff Amber Leigh Perry seeks review of the Commissioner's denial of her application for disability-insurance benefits. This matter is before the Court on Perry's objection to the March 27, 2014 Report and Recommendation ("R&R") of Magistrate Judge Steven E. Rau. In that R&R, Judge Rau recommends that Perry's motion for summary judgment be denied, that the Commissioner's motion for summary judgment be granted, and that this case be dismissed. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Perry's objection and adopts the R&R.

Perry's objection is limited to one issue: Whether the administrative law judge ("ALJ") who evaluated her claim erred in failing to accord controlling weight to the opinion of Perry's treating physician, Dr. H.J. Osekowsky. Dr. Osekowsky opined that Perry would be unable to meet competitive standards with respect to maintaining regular work attendance and completing a regular workday and workweek (among other things). *See* Tr. at 25, 604.

In general, the opinion of a treating source is entitled to "controlling weight" as long as the "treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record . . . ." 20 C.F.R. § 404.1527(c)(2). That said, "'[i]t is permissible for an ALJ to discount an opinion of a treating physician that is inconsistent with the physician's clinical treatment notes.'" *Perkins v. Astrue*, 648 F.3d 892, 899 (8th Cir. 2011) (quoting *Davidson v. Astrue*, 578 F.3d 838, 843 (8th Cir. 2009)). The ALJ concluded that Osekowsky's opinion as to Perry's capabilities was undercut by his own treatment notes, which indicated improvement in Perry's condition during the course of treatment. *See* Tr. at 24, 25. Based on that contradiction, the ALJ accorded little weight to Osekowsky's opinion. *Id*. at 25.

Perry contends that the contradiction between Osekowsky's opinion and his treatment notes is illusory. According to Perry, the ALJ's finding of improvement was based on nothing more than the fact that, over time, Perry tended to smile more at appointments with Osekowsky. *See* Obj. at 2 [ECF No. 18]. This characterization is unfounded. As explained in the R&R, Osekowsky's treatment notes are replete with indications that Perry's condition improved during the course of treatment. *See* R&R at 43-44. Perry's demeanor was only one aspect of that overall improvement. For example, her Global Assessment of Functioning score improved from 50 in October 2009 (a score indicating serious symptoms) to 55 in June 2011 (a score indicating only moderate symptoms). *See* Tr. at 387, 602. Moreover, Osekowsky repeatedly describes Perry's overall condition as improving throughout his notes. *See, e.g.*, *id*. at 549 ("She has been improving in the face of a reduction in [her medication]."); *id*. at 550 ("She seems to be managing substantially better than at [the] time of admission . . . ."); *id*. at 551 ("The patient

actually is substantially improved over her status on admission."); *id*. at 552 ("The patient is managing pretty well emotionally . . . ."); *id*. at 553 ("The patient is substantially improved over admission.").  The ALJ was justified in concluding that Osekowsky's opinion as to Perry's limitations failed to account for this improvement, and the ALJ acted appropriately in discounting Osekowsky's opinion.  The Court therefore overrules Perry's objection.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS the March 27, 2014 R&R [ECF No. 16] and OVERRULES plaintiff Amber Leigh Perry's objection [ECF No. 18].  Accordingly, IT IS HEREBY ORDERED THAT:

1. Perry's motion for summary judgment [ECF No. 8] is DENIED.

2. Defendant's motion for summary judgment [ECF No. 11] is GRANTED.

3. The complaint is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 1, 2014                           s/Patrick J. Schiltz
                                              Patrick J. Schiltz
                                              United States District Judge